# Political Balance Requirement for the Civil Rights Commission

In appointing a new member to the United States Commission on Civil Rights, in order to comply with the statutory requirement that "[n]ot more than 4 of the members shall at any one time be of the same political party," the President should look to the party affiliation of the other members at the time the new member is appointed.

December 6, 2004

MEMORANDUM OPINION FOR THE DEPUTY COUNSEL TO THE PRESIDENT

You have asked for our opinion concerning the proper interpretation of the statutory provision that "[n]ot more than 4 of the members" of the United States Commission on Civil Rights ("Commission") "shall at any one time be of the same political party." 42 U.S.C. § 1975(b) (2000). Specifically, you have asked whether, in the appointment of a new member to the Commission, the relevant consideration is the party affiliation of the other members at the time the new member is appointed (which would take into account any changes in party affiliation by those other members after their appointment to the Commission), or whether it is the party affiliation of the other members at the time those other members were appointed (which would not take into account any such post-appointment changes in party affiliation). We conclude that the plain language of the statute makes clear that the relevant consideration is the party affiliation of the other members at the time the new member is appointed.

The Commission consists of eight members, of whom the President appoints four and the President pro tempore of the Senate and the Speaker of the House of Representatives each appoint two. *Id.* § 1975(b). The statute provides that "[n]ot more than 4 of the members shall at any one time be of the same political party." *Id.* It also provides that, of the two members appointed by the President pro tempore of the Senate, "not more than one shall be appointed from the same political party." *Id.* § 1975(b)(2). The statute imposes the same requirement for the appointees of the Speaker of the House. *Id.* § 1975(b)(3).

By its terms, the provision that "[n]ot more than 4 of the members shall at any one time be of the same political party" applies at all times.[1] This is in keeping with its apparent purpose of maintaining some degree of political balance on the Commission. *See* 140 Cong. Rec. 27,216 (Oct. 3, 1994) (statement of Rep. Edwards) (the Commission is a "bipartisan, independent Federal factfinding agency"). And this means that the relevant consideration when a new member is appointed is the party affiliation of the other members at the time the new member is appointed.

---

[1] We do not address what the appropriate remedy would be, should a change in affiliation result in more than four members from the same political party.

This conclusion is reinforced by the contrast between the "at any one time" language in the provision at issue and the two appearances of the "appointed from the same political party" formulation in other provisions of the same statute dealing with party affiliation. The requirements that, of the two members appointed by each of the congressional leaders, "not more than one shall be appointed from the same political party" expressly refer to party affiliation at the time of appointment. We addressed a similar issue in a Memorandum for Dudley H. Chapman, Associate Counsel to the President, from Leon Ulman, Acting Assistant Attorney General, Office of Legal Counsel, *Re: The Status of Members of the Board of Trustees of the Woodrow Wilson International Center for Scholars* (June 27, 1975) ("*Status of Members*"). There, the statute required that certain members of the Board of Trustees of the Woodrow Wilson International Center for Scholars be "appointed" or "chosen" "from" private life. *See* 20 U.S.C. § 80f(b)(8), (d), (e) (2000). "The implication," we wrote, "is that while Congress was clearly concerned with the station from which a given trustee is appointed, it was not concerned with the problem of a trustee who after appointment joins the government." *Status of Members* at 1. We noted that Congress elsewhere had provided that a member of a different board, upon a change of status, would lose his position, but had chosen not to use that language for trustees of the Woodrow Wilson International Center for Scholars. Here, too, the "appointed from the same political party" language is tied to the time of appointment, not to subsequent service, 42 U.S.C. § 1975(b)(2), (3), and a change in the political affiliation of these appointees therefore would not implicate that requirement.

The contrast in language between the "appointed from the same political party" formulation and the "at any one time be of the same political party" formulation underscores the differences in the relevant times for the provisions. "'[W]hen the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended.'" *Sosa v. Alvarez-Machain*, 542 U.S. 692, 711 n.9 (2004) (quoting 2A Norman J. Singer, *Statutes and Statutory Construction* § 46:06, at 194 (6th ed. 2000)). "[A]ppointed from the same political party" clearly refers to party affiliation at the time of appointment; "at any one time be of the same political party" clearly is not limited to the time of appointment. Consequently, in appointing a new member, in order to comply with the requirement that '[n]ot more than 4 of the members shall at any one time be of the same political party," the President should look to the party affiliation of the other members at the time the new member is appointed.

> DANIEL L. LEVIN
> *Acting Assistant Attorney General*
> *Office of Legal Counsel*